UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

WILLIE JAMES MCGRAW,

    Plaintiff,

v.                                                             Case No. 2:06-cv-165
                                                             HON. ROBERT HOLMES BELL

K. HILL, et al.,

    Defendants.
_____/

### REPORT AND RECOMMENDATION

Plaintiff Willie James McGraw filed this prisoner 42 U.S.C. § 1983 action against defendants K. Hill, K. Peterson, K. Castello and M. Arkins. Plaintiff alleges that while confined at Alger Maximum Correctional Facility he was assaulted by defendants while being escorted to his cell. Plaintiff alleges that on September 9, 2005, he was escorted to his cell by defendants Hill, Peterson and Atkins. Defendant Peterson grabbed plaintiff's buttocks with both hands and squeezed in a sexual manner. Defendant Hill grabbed plaintiff by the neck and began banging plaintiff's head into the door. Plaintiff alleges that defendant Arkins witnessed the assault. Plaintiff alleges after he was placed in his cell defendant Castello sprayed him in the face and eyes with chemical agents.

Defendants have filed a motion to dismiss for failure to exhaust grievance remedies. Defendants first request that the court dismiss this action for failure to exhaust or properly exhaust grievance remedies. Defendants base this motion on Plaintiff's complaint. After the filing of Defendants' motion for summary judgment, the United States Supreme Court issued its decision in *Jones v. Bock*, 127 S. Ct. 910 (2007). In *Jones*, the Supreme Court held that "exhaustion is an

affirmative defense, and prisoners are not required to specifically plead or demonstrate exhaustion in their complaints." Moreover, the burden is on Defendants to show that Plaintiff failed to exhaust when asserting exhaustion as an affirmative defense. Exhaustion is no longer a pleading requirement. The Supreme Court also rejected total exhaustion, holding that when a defendant establishes lack of exhaustion as an affirmative defense, only the unexhausted claim may be dismissed. Accordingly, it is inappropriate to dismiss a case for failure to exhaust on a Rule 12(b) motion unless the plaintiff states in his complaint that he failed to exhaust his grievances against a defendant on a particular claim. Normally, the fact that Plaintiff attaches grievances to his complaint that may not show exhaustion of every issue presented is of no consequence, because Plaintiff has no duty to show exhaustion. The burden lies solely with a defendant to show that Plaintiff failed to exhaust grievance remedies. It is each Defendant's responsibility to support a motion for summary judgment with specific reasons why a issue should be dismissed for failure to exhaust. A general statement that Plaintiff failed to exhaust his grievance remedies will not be sufficient. Moreover, where Defendants' claim that a grievance was not properly filed, it is also Defendants' burden to establish that Plaintiff's grievances were procedurally defective. In *Woodford v. Ngo*, 126 S. Ct. 2378, 2393 (2006)*,* the Supreme Court held that a prisoner fails to satisfy the Prison Litigation Reform Act's (PLRA) exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance.

In this case, however, Plaintiff has responded to Defendants' motion and it appears that the court has all the information needed to resolve the exhaustion issue. It is apparent that based upon plaintiff's response that he only filed the grievances attached to his complaint and that he did not file any additional grievances on the issues asserted in the complaint. Plaintiff also admits that

he filed untimely grievances, but asserts that his procedural error should be excused because he was temporarily blinded after he was sprayed with chemical agent.

Plaintiff submitted a Step I grievance regarding this incident naming Defendants Peterson and Hill. The response mentions that Defendants Peterson, Hill and Arkins were interviewed. The Step I grievance response stated:

> Sgt. Arkins was present during this incident and states that when staff went to pat shake him the prisoner became upset so staff had him face the wall. Prisoner turned his head and staff felt he was going to spit so Officer Hill placed his hand on the back of his neck to prevent the prisoner from spitting. Prisoner was found with several tooth brushes, salt packets and pepper packets in his pants pocket. Prisoner was not assaulted in any fashion and the use of force policy was followed per Sgt. Arkins. Prisoners behavior in this incident ended when the move team was called because the prisoner had ripped apart the lead strap from the hand cuffs.

The grievance was presented and denied at Step II and Step III. Plaintiff attempted to file a second Step I grievance which was essentially identical except he indicated that he "spoke with officer and Sgt. Atkins." The grievance was dismissed as duplicative. Plaintiff filed an additional grievance naming Sgt. Castello. The Step I response indicated that Sgt. Castello used force in accordance with policy.

Defendants argue that Plaintiff failed to properly file the grievances in accordance with policy because one of his grievances was duplicative of another grievance and his grievances were filed in an untimely manner. First, none of the grievances were denied for being untimely and the timeliness of the grievances was never raised in a response. Second, if a grievance was dismissed as duplicative of another grievance, that necessarily means that another grievance has already been submitted by the prisoner and presumably exhausted raising the identical issues.

However, it is clear that plaintiff never named defendant Arkins in a grievance. Accordingly, defendants Arkins is entitled to dismissal without prejudice for failure to exhaust grievances.

Accordingly, it is recommended that Defendants' Motion to Dismiss (Docket #14) be granted in part, dismissing defendant Arkins without prejudice for plaintiff's failure to exhaust his grievance remedies against defendant Arkins.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: May 31, 2007