UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

WILLIE JAMES MCGRAW,

        Plaintiff,

                                  Case No. 2:06-cv-165

v.

                                  HON. ROBERT HOLMES BELL

K. HILL, et al.,

        Defendants.

_____/

**REPORT AND RECOMMENDATION**

Plaintiff Willie James McGraw filed this prisoner civil rights action against Resident Unit Officer (RUO) Kim Hill, RUO Kim Peterson, Sergeant Keith Castello, and Sergeant Mike Arkens. Plaintiff alleges that Defendants violated Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment. Plaintiff's claims against Defendant Arkens have been dismissed due to Plaintiff's failure to exhaust administrative remedies against Arkens. Plaintiff requests costs and $50,000 in compensatory and punitive damages from each of the three remaining defendants.

Plaintiff claims that on September 9, 2005, Defendants Hill, Peterson and Arkens were escorting Plaintiff to his cell. Plaintiff was about to enter his cell when Defendant Peterson allegedly "grabbed Plaintiff's buttocks with both hand[s] and began to squeeze Plaintiff's buttocks in a sexual manner." Plaintiff claims he then turned his head to Arkens to request help, at which point Defendant Hill allegedly "grabbed Plaintiff by the neck, choking Plaintiff and began banging Plaintiff's head into the door." Plaintiff avers he was then placed in his cell where he was allegedly assaulted by Defendant Castello who sprayed chemical agents in Plaintiff's face and eyes.

Defendants provide evidence of a very different scenario. While Plaintiff was being returned to his cell on September 9, it was noted that Plaintiff had something in both his back trouser pockets. Defendant Peterson performed a routine pat down search and discovered several toothbrushes in one pocket and several packets of salt and pepper in the other, all of which were considered contraband. Plaintiff turned his head abruptly and Defendant Hill, knowing that Plaintiff had a history of spitting and biting officers, placed an open hand on the back of Plaintiff's neck in order to prevent such conduct. When Plaintiff was placed in his cell, he pulled the restraint strap in with him and refused to allow Defendants Arkens, Hill or Peterson to remove the restraints. Plaintiff was ordered several times to allow the restraints to be removed. Plaintiff did not comply with these orders and a Move Team was called to assist in the situation.

The Move Team was eventually able to remove the restraints from Plaintiff. Plaintiff was then ordered to move to the center of his cell for a strip search. Plaintiff failed to comply with the order. Plaintiff moved to block the upper slot of his cell door. Defendant Castello then sprayed chemical agents through the vent. Approximately five minutes later, Plaintiff complied with the strip search order. Thereafter, Plaintiff was told to place his legs outside the lower slot of his cell door and place his hands on his head so he could be placed in hard restraints. Plaintiff did not comply with the order to keep his hands on his head and reached for something near the toilet area of the cell. Defendant Castello sprayed the chemical agent a second time.

As a result of this incident, Plaintiff received four major misconducts and was found guilty of all charges, which included two counts of disobeying a direct order, destruction/misuse of property $10.00 or more, and assault and battery. In addition, a critical incident report was written regarding the event. Defendants provide the major misconducts, hearing reports, critical incident report and unit log records to support their position, along with their affidavits.

Presently before the Court is Defendants' Motion for Summary Judgment, pursuant to Fed. R. Civ. P. 56. Plaintiff has filed a response and the matter is ready for decision. Because both sides have asked that the Court consider evidentiary materials beyond the pleadings, the standards applicable to summary judgment apply. *See* Fed. R. Civ. P. 12(b).

Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue). More recently, the Supreme Court noted,

> When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.

*Scott v. Harris,* 550 US __; 127 S Ct 1769, 1776; 167 L Ed 2d 686, 694 (2007).  Such is the case here and it is the recommendation of the undersigned that Defendants' motion for summary judgment be granted.

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes.  Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency."  *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981).  The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain."  *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346).   However, "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment."  *Ivey*, 832 F.2d at 954.

Generally, restrictions and even harsh conditions of confinement are not necessarily cruel and unusual punishment prohibited by the Eighth Amendment.  *Rhodes*, 452 U.S. 347.  The Supreme Court has held that "whenever guards use force to keep order," the standards enunciated in *Whitley*, 475 U.S. 312, should be applied.  *Hudson v. McMillian*, 503 U.S. 1, 7 (1992).  Under *Whitley*, the core judicial inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  *Hudson*, 503 U.S. at 6-7.  In determining whether the use of force is wanton and unnecessary, the court should evaluate the need for application of force, the relationship between that need and the amount of force used, the threat "reasonably perceived by the responsible officials," and any efforts made to temper the severity of

- 4 -

the forceful response.  *Id.* (citing *Whitley*, 475 U.S. at 321); *accord McHenry v. Chadwick*, 896 F.2d

184 (6th Cir. 1990).  Physical restraints are constitutionally permissible where there is penological

justification for their use.  *Rhodes*, 452 U.S. at 346; *Jones v. Toombs*, No. 95-1395, 1996 WL 67750,

at *1 (6th Cir. Feb. 15, 1996); *Hayes v. Toombs*, No. 91-890, 1994 WL 28606, at * 1 (6th Cir. Feb.

1, 1994); *Rivers v. Pitcher*, No. 95-1167, 1995 WL 603313, at *2 (6th Cir. Oct. 12, 1995).

        In the present case, Defendants used force against Plaintiff in response to Plaintiff's

behavior.  Plaintiff's history of spitting at and biting prison officials gave Defendants good cause to

believe that this might occur again and there was therefore a penological justification for Defendant

Hill to grab Plaintiff by the back of the neck to prevent him from turning his head towards the other

prison officials.  Additionally, Plaintiff failed to comply with direct orders several times before

Defendant Castello used chemical agents against Plaintiff.  Defendants' use of force in this case was

merely to restore order to a situation that had become hostile and was not intended to be malicious

or sadistic.  Therefore, the undersigned recommends that Plaintiff's claim of cruel and usual

punishment under the Eighth Amendment be dismissed.

        The Eighth Amendment's proscription against cruel and unusual punishment forbids

the unnecessary and wanton infliction of pain.  *See Hudson v. McMillian*, 503 U.S. 1, 5 (1992).  The

objective component of an Eighth Amendment claim requires that the pain be serious.  *Id*. at 8-9.

Although severe or repetitive sexual abuse certainly could qualify under this standard, a single

incident of objectionable sexual touching does not meet the objective component of an Eighth

Amendment claim.  Numerous circuit court decisions, including unpublished opinions of the Sixth

Circuit, have held that such allegations are insufficient to state an Eighth Amendment claim.  *See*,

*e.g.*, *Jackson v. Madery,* 158 F. Appx. 656, 661 (6th Cir. 2005) (correction officer's conduct in

allegedly rubbing and grabbing prisoner's buttocks in degrading manner was "isolated, brief, and not

severe" and so failed to meet Eighth Amendment standards); *Johnson v. Ward*, No. 99-1596, 2000 WL 659354, at *1 (6th Cir. May 11, 2000) (male prisoner's claim that a male officer placed his hand on the prisoner's buttock in a sexual manner and made an offensive sexual remark did not meet the objective component of the Eighth Amendment); *Berryhill v. Schriro*, 137 F.3d 1073, 1075 (8th Cir. 1998) (where inmate failed to assert that he feared sexual abuse, two brief touches to his buttocks could not be construed as sexual assault); *accord Boxer X v. Harris,* 437 F.3d 1107, 1111 (11th Cir. 2006); *Boddie v. Schneider*, 105 F.3d 857, 859-61 (2d Cir. 1997) (court dismissed as inadequate prisoner's claim that female corrections officer made a pass at him, squeezed his hand, touched his penis, called him a "sexy black devil," pressed her breasts against his chest, and pressed against his private parts).

Plaintiff's claim that Defendant Peterson grabbed his buttocks and squeezed in a sexual manner does not support a claim under the Eighth Amendment. Plaintiff does not claim he suffered any pain from the incident and Plaintiff alleges only one isolated occurrence. Additionally, Plaintiff's claim of sexual motive behind Defendant Peterson touching Plaintiff's buttocks is wholly unsubstantiated by the record. Therefore, the undersigned recommends that Plaintiff's claim of sexual assault in violation of the Eighth Amendment be dismissed.

Additionally, in the opinion of the undersigned, Defendants are entitled to the qualified immunity defense. Plaintiff has failed to show that there is a genuine issue of material fact that he was treated sadistically or maliciously by Defendants and does not allege any actual injury in this case. No federal right was denied to Plaintiff through Defendants' conduct. Plaintiff's failure to sustain a cause of action necessitates a finding that no clearly established law was violated by Defendants in this matter. *Siegert v. Gilley*, 500 U.S. 226, 232 (1991); *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997).

In summary, in the opinion of the undersigned, Plaintiff has failed to sustain his burden of proof in response to Defendants' motion for summary judgment.  Accordingly, it is recommended that Defendants's Motion for Summary Judgment (Docket # 38) be granted and that this case be dismissed in its entirety.

Further, if the court adopts this recommendation the court should decide that an appeal of this action would not be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  For the same reasons that the court grants defendants' motion for summary judgment, the court can discern no good-faith basis for an appeal.  It is recommended that should the plaintiff appeal this decision, the court assess the $455 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).  If he is barred, he should be required to pay the $455 appellate filing fee in one lump sum.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   March 10, 2008